UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEREK CHABROWSKI, | No. C-12-4443 EMC |
| Plaintiff, | |
| v. | **ORDER GRANTING DEFENDANT'S MOTION TO DISMISS** |
| CLIFFORD V. CRETAN, | **(Docket No. 13)** |
| Defendant. / | |

## I. INTRODUCTION

Plaintiff Derek Chabrowski, representing himself *pro se*, brings this action against the Honorable Clifford V. Cretan, individually and in his official capacity as a judge of the Superior Court of California for San Mateo County, following Judge Cretan's issuing of an injunction against Plaintiff related to his alleged harassment of a former business associate, Courtney Lawson. Defendant now moves to dismiss Plaintiff's complaint on the grounds that the Court lacks jurisdiction to review final state court judgments pursuant to the *Rooker-Feldman* doctrine, that the *Younger* doctrine prohibits the Court from intervening in ongoing state court proceedings, that Judge Cretan is entitled to judicial immunity, and that the Eleventh Amendment bars claims against Judge Cretan in his official capacity. Plaintiff now asserts that he does not seek to challenge the injunction in this forum, as he is appealing the injunction in the ongoing state court proceeding. Rather, Plaintiff brings suit against Judge Cretan for "deprivation of rights of due process" and "violations of his civil rights . . . ." Pl.'s Opp'n 2.

For the reasons stated herein and as discussed at the hearing in this matter, the Court **GRANTS** Defendant's motion to dismiss.

In addition, on the same day as the hearing on Defendant's motion to dismiss Plaintiff filed an application for preliminary injunction and order to show cause why a preliminary injunction should not be issued. As the Court is dismissing Plaintiff's entire complaint, it goes without saying that Plaintiff has not shown a likelihood of success on the merits, as required to obtain a preliminary injunction. *See Germon v. Times Mirror Co.*, 520 F.2d 786, 788 (9th Cir. 1975). Thus, the Court **DENIES** Plaintiff's application.

## II. FACTUAL & PROCEDURAL BACKGROUND

Plaintiff's complaint alleges that, in approximately August 2011, Plaintiff, a resident of Maricopa County in Arizona, ceased a work relationship with Courtney Lawson. Complaint, Docket No. 1, ¶¶ 1, 9. Following the end of this relationship, Ms. Lawson sought an injunction against what she deemed to be Plaintiff's harassing behavior, including a blog post written about her. *See id.* ¶¶ 10, 16. While she first sought the injunction in Arizona state court, she subsequently did so in California state court beginning in April 2012. *Id.* ¶¶ 8, 10. Defendant ultimately issued an injunction on July 27, 2012 after failing to consider Plaintiff's complete evidence and testimony, demonstrating favoritism towards Ms. Lawson, failing to consider Plaintiff's unclean hands defense, failing to consider Ms. Lawson's vindictive motive, failing to consider that Ms. Lawson lied in court, and failing to consider Ms. Lawson's unstable mental condition. *Id.* ¶¶ 12-13, 18. Plaintiff filed a motion to vacate on July 30, 2012. *Id.* ¶ 14.

Plaintiff filed suit in this Court on August 23, 2012 pursuant to 42 U.S.C. § 1983 for violations of the First, Fifth, Ninth and Fourteenth Amendments. *Id.* ¶ 4.

## III. DISCUSSION

Judicial immunity, the *Younger* abstention doctrine, and the *Rooker-Feldman* doctrine each serve to bar Plaintiff's current suit.

First, as for judicial immunity, the doctrine of absolute immunity entitles certain individuals to "*immunity from suit* rather than a mere defense to liability . . . ." *See Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). "Where not clearly lacking subject matter jurisdiction, a judge is entitled to

immunity even if there was no personal jurisdiction over the complaining party." *Ashelman v. Pope*, 793 F.2d 1072, 1076 (9th Cir. 1986). Here, Plaintiff asserts that Defendant lacked jurisdiction to issue an injunction against him, and therefore judicial immunity does not apply. *See* Pl.'s Opp'n at 3-4. However, Plaintiff does not argue *how* Defendant lacked jurisdiction and, from the face of the complaint, it is not clear how he lacked jurisdiction, as California law clearly empowers judges to issue injunctions prohibiting harassment. *See id.*; Cal. Code Civ. Proc. § 527.6 (authorizing injunctive relief for harassment). Thus, Defendant is entitled to judicial immunity for his actions. While judicial immunity is not a bar to prospective injunctive relief against a judicial officer acting in her judicial capacity (*see Pulliam v. Allen*, 466 U.S. 522, 541-42 (1984)), § 1983 itself provides that, "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." *See Washington v. Victim Compensation & Gov't Claims Bd.*, No. C-09-1291 WHA, 2009 WL 1068888, at *1 (N.D. Cal. Apr. 20, 2009) (discussing relation between *Pulliam* and § 1983).

     Second, the *Younger* abstention doctrine prohibits federal courts from granting injunctive or declaratory relief that would interfere with state civil proceedings where "state proceedings are (1) ongoing, (2) implicate important state interests, and (3) provide the plaintiff an adequate opportunity to litigate federal claims." *San Remo Hotel v. City & County of San Francisco*, 145 F.3d 1095, 1103 (9th Cir. 1998). Here, Plaintiff seeks "injunctive relief commanding defendant to cease any legal proceedings in State Court that are in violation of and protected under the United States Constitution, First Amendment," as well as "declaratory relief as this Court deems appropriate [and] just." Complaint ¶ 26; *see also* Appl. for Prelim. Inj., Docket No. 28, at 3 (requesting the Court enjoin Defendant from "presiding, ruling or otherwise exercising judicial authority over State Cases relating to the Plaintiff" and require Defendant "[i]ssu[e] an official recusal order."). The underlying state court proceeding is ongoing, it implicates the important state interest of prohibiting harassment, and Plaintiff has the opportunity to assert the First Amendment in defense thereto. *See* Cal. Code Civ. Proc. § 527.6(b)(1) ("[c]onstitutionally protected activity" not within definition of harassing "course of conduct"); *Rosicrucian Fellowship v. Rosicrucian Fellowship Nonsectarian*

*Church*, 39 Cal. 2d 121, 145 (1952) ("an injunction will not be granted where the restraint interferes with freedom of speech"). Thus, Plaintiff's requested prospective relief is barred.

Third, the *Rooker-Feldman* doctrine limits prohibits this Court from exercising subject-matter jurisdiction over what is essentially a de facto appeal of a state court judgment. *See Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1139 (9th Cir. 2004). This doctrine, which evolved from two Supreme Court cases – *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983) – arises through a "negative inference from 28 U.S.C. § 1257," which, by authorizing the Supreme Court to hear an appeal from a state court judgment, "impliedly prohibits the lower federal courts from doing so." *Kougasian*, 359 F.3d at 1139. Here, the gist of Plaintiff's claim is a challenge to Defendant's issuance of injunctive relief in a state court action. By bringing the matter before this Court, Plaintiff is essentially seeking an appeal of that decision. Pursuant to *Rooker-Feldman*, this Court may not exercise subject-matter jurisdiction over such a de facto appeal.

## IV. CONCLUSION

As judicial immunity, the *Younger* abstention doctrine, and the *Rooker-Feldman* doctrine serve to bar this suit, the Court **GRANTS** Defendant's motion to dismiss and **DENIES** Plaintiff's application for a preliminary injunction and order to show cause. Because any attempt to plead around these doctrines would be futile, the dismissal is with prejudice. Although the Court indicated at the hearing in this matter that it intended to dismiss this case without prejudice and with leave to amend, upon further review it appears that any attempt to plead around these doctrines would be futile. Thus, the dismissal is with prejudice and without leave to amend. The Clerk shall enter judgment and close the file.

This order disposes of Docket No. 13.

IT IS SO ORDERED.

Dated: February 25, 2013

EDWARD M. CHEN
United States District Judge

4